# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:08CV526-RJC-DSC

| | |
|---|---|
| DARRYL L. CULP and BETTIE OATES CULP )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HSBC CONSUMER LENDING USA, INC., )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss Complaint" (document #3) and "Brief ... in Support ..." (document #4), both filed January 21, 2009. The pro se Plaintiffs have not filed a response, and the time for filing a brief or otherwise opposing the Motion has long expired.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

On November 20, 2008, the Plaintiffs filed their Complaint, which collaterally attacks the Defendant's State Court foreclosure proceeding against their home and is substantially similar to a Complaint the Plaintiffs had earlier filed in State Court. After holding a hearing on January 12, 2009, State District Court Judge William I. Belk dismissed the Plaintiffs' State Court Complaint. The Defendants credibly maintain that immediately following the hearing, Plaintiff Darryl L. Culp handed defense counsel a copy of the subject Complaint, but not a Summons, which was the first

and only notice the Defendant received of this action. The Defendant contends and the docket reflects that no legally-sufficient method of service of the Complaint and Summons has been attempted, much less made.

A defendant may challenge the sufficiency of service of process through a motion filed pursuant to Fed. R. Civ. P. 12(b)(5). Once the defendant challenges service of process, "[t]he plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4 of the Federal Rules of Civil Procedure. <u>Plant Genetic Systems, N.V., v. Ciba Seeds</u>, 933 F. Supp. 519, 526 (M.D.N.C. 1996). Rule 4 is "there to be followed, and plain requirements for the means of effecting service of process may not be ignored." <u>Armco, Inc. v. Penrod-Stauffer Building Systems, Inc.</u>, 733 F.2d 1087, 1089 (4th Cir. 1984).

With respect to service on a corporation, Fed. R. Civ. P. 4(h)(1) specifically provides in relevant part that:

> [u]nless otherwise provided by federal law, service upon a domestic or foreign corporation . . . that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected: (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1).

Fed. R. Civ. P. Rule 4(e)(1) provides as follows:

> [u]nless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State....

Accordingly, the Plaintiff was required to serve the Summons <u>and</u> the Complaint according to the manner prescribed by North Carolina law, that is, in one of the following ways:

a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office. b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute. c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b. d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt.

N.C. R. Civ. P. 4(j)(6).

Although the docket reflects that a Summons was issued on November 20, 2008, no Summons has ever been served on the Defendant. Moreover, defense counsel was not the Defendant's agent for the purpose of accepting service generally, nor did he agree to accept service on behalf of the Defendant pertaining to this case. Indeed, and despite the filing of the Defendant's dispositive Motion more than two months ago which highlighted the obvious deficiencies in service of process, the Plaintiffs have made no effort to effect proper service. As the Fourth Circuit Court of Appeals has clearly stated, "[the] plain requirements for the means of effecting service of process may not be ignored." Armco, Inc., 733 F.2d at 1089.

Accordingly, for these reasons, as well as the other reasons stated in the Defendant's memorandum, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are

**STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss Complaint" (document #3) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(C), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiffs, to counsel for the Defendant; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 3, 2009

David S. Cayer
United States Magistrate Judge